tmd3574/nzk

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

September 21, 2020
09:00 AM

==================================X
IN RE:

Case No. 118-42302-ESS

JOHN R.M WILSON,

Hon. ELIZABETH S. STONG

**NOTICE OF MOTION**

Debtor.
==================================X

PLEASE TAKE NOTICE, that upon the within application, Marianne DeRosa, Chapter 13 Trustee will move this court before the Hon. Elizabeth S. Stong, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, at 271 Cadman Plaza East, Brooklyn, New York Courtroom 3585, on September 21, 2020 at 09:00 AM or as soon thereafter as counsel can be heard, for an order pursuant to 11 U.S.C. 1307(c) dismissing this Chapter 13 case and for such other and further relief as may seem just and proper.

Responsive papers shall be filed with the bankruptcy court and served upon the Chapter 13 Trustee, Marianne DeRosa, Esq., no later than seven (7) business days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Date: Jericho, New York
September 4, 2020

/s/ Marianne DeRosa
MARIANNE DeROSA, TRUSTEE
100 JERICHO QUADRANGLE, STE 127
JERICHO, NY 11753
(516) 622-1340

tmd3574/nzk

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
September 21, 2020
09:00 AM

==================================X

IN RE:

JOHN R.M WILSON,

Debtor.

==================================X

Case No: 118-42302-ESS

Hon. ELIZABETH S. STONG

**APPLICATION**

TO THE HONORABLE ELIZABETH S. STONG U.S. BANKRUPTCY JUDGE:

MARIANNE DEROSA, Chapter 13 Trustee in the above-captioned estate, respectfully represents the following:

1. The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 13 on April 25, 2018, and, thereafter, MARIANNE DEROSA was duly appointed and qualified as Trustee.

2. On April 25, 2018, in part 5 of the petition, the Debtor certified that a briefing from an approved credit counseling agency had been received within the 180 days prior to the filing of the bankruptcy petition and the Certificate of Credit Counseling was attached, but no certificate was attached.

3. A review of the Court's docket indicates that the Court did not enter an Order extending the time for the Debtor to obtain and file the Certificate of Credit Counseling. Moreover, as of the date of this application the Debtor has failed to file a Certificate of Credit Counseling from an approved nonprofit budget credit counseling agency as required by 11 U.S.C. § 521(b)(1).

4. To date, the §341 Meeting of Creditors has never been held. The Trustee's Office has attempted to conduct the Meeting of Creditors 13 times. Debtor appeared twice, on June 6, 2018 and July 3, 2019. On June 6, 2018, no Chapter 13 plan had been filed yet so the Meeting could not be conducted. On July 3, 2019, Debtor appeared without his counsel, and could not be examined. Debtor was absent the other 11 times the Trustee attempted to conduct the Meeting.

5. The Trustee therefore objects to the confirmation of the Plan and seeks dismissal of this case, due to the failure of the Debtor to appear and be examined at the §341 Meeting of Creditors as required pursuant to 11 U.S.C. §343.

6. The Debtor's proposed Chapter 13 Plan (hereinafter "The Plan"), dated March 25, 2019 and reflected on the Court's docket as number 50, provides for a monthly Plan payment of $100 per month for a period of 60 months. The Plan proposes full repayment to general unsecured proofs of claim, but effectively makes no provision for secured claims. There is no checkmark at section 3.2 of the Plan, and section 9.1 of the Plan provides that "upon recover of the deed, [the Debtor shall] either refinance or sell it or have a reverse mortgage, whatever is deemed appropriate."

7. The Trustee objects to the confirmation of the Plan because the Plan is not sufficiently funded to pay secured claims in full and the Debtor's supporting budget, Schedules I and J, does not indicate an ability to increase the plan payments, therefore the Plan does not comply with 11 U.S.C. §1325(a)(5).

8. Furthermore, the Debtor has failed to:

a. timely commence, within thirty days of the order for relief, pre-confirmation Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. § 1326(a)(1); and

b. file and provide the Trustee with a copy of an affidavit by the Debtor stating the Debtor has paid all amounts that are required to be paid under a domestic support obligation or that the Debtor has no domestic support obligations as required by E.D.N.Y. LBR 2003-1(b)(ii) and (c); and

c. file and provide the Trustee with a copy of affidavit from the Debtor stating whether the Debtor has filed all applicable federal, state and local tax returns under the Bankruptcy Code Section 1308 as required by E.D.N.Y. LBR 2003-1(b)(iii) and (c); and

d. provide the Trustee with copies of canceled checks, receipts, money orders or other documentation of payment of all mortgage installments and real property lease payments that have come due since the filing of the petition as required by E.D.N.Y. LBR 2003-1(a)(vi), and (b)(i); and

e. appear and be examined at the Section 341 Meeting of Creditors as required by 11 U.S.C. §343; and

f. serve the plan on the trustee and all creditors within 7 days of filing of the plan and file proof of service there of as required by E.D.N.Y. LBR 3015-1(b).

9. The Plan cannot be confirmed and as a result a delay has occurred that is prejudicial to the rights of creditors. The case must be dismissed under 11 U.S.C. § 1307(c)(1) and (c)(5).

10. Each of the foregoing constitutes cause to dismiss this Chapter 13 case within the meaning of 11 U.S.C. §1307(c).

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court enter an Order dismissing this Chapter 13 case, and such other and further relief as may seem just and proper.

Dated: Jericho, New York
September 4, 2020

*s/Marianne DeRosa*
Marianne DeRosa
Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:

JOHN R.M WILSON,

Debtors.
---------------------------------------------------------X

Case No: 118-42302-ESS

CERTIFICATE OF SERVICE

I, Kristin Wenze, declare under penalty of perjury that I have sent the attached document to the below listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Notice by first class mail was sent to the following persons/entities:

JOHN R.M WILSON
1656 PARK PLACE
BROOKLYN, NY 11233

Notice by electronic transmission generated by the ECF system to the following person/entities pursuant to Bankruptcy Rule 9036:

KARAMVIR DAHIYA, ESQ., karam@bankruptcypundit.com
Wells Fargo Bank, N.A. c/o Shapiro, DiCaro & Barak, LLC, rgriswold@logs.com
Wells Fargo Bank, N.A. c/o Shapiro, DiCaro & Barak, LLC, clynch@reedsmith.com

Transmission times for electronic delivery are Eastern Time zone.

This September 4, 2020

/s/Kristin Wenze
Kristin Wenze, Paralegal
Office of the Standing Chapter 13 Trustee
Marianne DeRosa, Esq.
100 Jericho Quadrangle; Ste 127
Jericho, NY 11753
(516) 622-1340

CASE NO: 118-42302-ESS
Hon. ELIZABETH S. STONG

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

==========================================================================

IN RE:

JOHN R.M WILSON,

Debtor.

==========================================================================

NOTICE OF MOTION AND APPLICATION TO DISMISS CASE

==========================================================================

MARIANNE DeROSA, TRUSTEE
100 JERICHO QUADRANGLE, STE 127
JERICHO, NY 11753
(516) 622-1340