# DAHIYA LAW OFFICES LLC
*Attorneys*

75 Maiden Lane Suite 506
New York, New York 10013
Tel: 212-766 8000    Fax: 212 766 8001
karam@legalpundit.com

*John R. M Wilson*

March 27, 2018

*Client:* DESLYN JOHNSON, 1656 PARK PLACE BROOKLYN NY 11233 (347 405 1712)

*Matter*, Re:   1656 Park Place Brooklyn NY 11233 and fraudulent transfer of deed etc.

Dear Client:

Pursuant to your request, this letter states the terms for Dahiya Law Offices, LLC ("Dahiya" or the "Firm") retention to represent you (the "Client") in the above stated issues/matters/cases (the "Matter").

If the Client, wish to retain Dahiya in any other regard, an additional retainer agreement will be required.

We agree to represent the Client, in connection with the Matter on the following terms:

1. The initial payment of an $15,000 initial retainer (the "Initial Retainer"). The Firm is not required to work on the Matter until the Initial Retainer is paid. Upon payment, the same shall become property of the Firm. The Firm reserves the right to either deposit the retainer in the regular business account or in the escrow account. If the deposit is in the escrow account than the Client by signing this agreement grants express permission to withdraw the funds and apply them against the hours billed or work performed. In case there is any sale of the Client's assets and if the Firm has the sale proceeds either in the regular business or escrow account than the Firm will have a lien on such proceeds. And the Firm has the unqualified consent of the Client to apply such proceeds to the unpaid retainer or towards the outstanding bills.

2. The Firm shall bill the Client at its regular hourly rates which are: $550.00 per hour for Karamvir Dahiya's time;  up to $450 per hour for counsel's time;  $150 per hour to $200 per hour For associates' time, and $75 - $125 per hour for clerk's and paraprofessionals' time. The Client Hereby acknowledge that such hourly rates are reasonable.

3. The Client shall be responsible for the payment of all disbursements including, but not limited to, transportation transcripts and stenographers' fees, filing fees, photo-duplication,

1

*Deslyn Johnson*

appellate record printing, appellate brief printing, process server and service fees, messenger and courier services, secretary over-time specific to the Matter, computer assisted research, faxes, local counsel's fees, the reasonable cost of meals while in transit or out of town, long distance telephone calls, process servers and faxes. When asked, the Client agree to pay larger disbursements in advance. The Client acknowledge that failure to pay these disbursements can have a negative impact on the Firm's ability to represent the Client.

4. All invoices for fees and disbursement shall be paid, in full, within fifteen (15) days of their issuance unless other arrangements are made in writing.

5. If the Client fail to pay any invoice within thirty (30) days after the invoice is issued, then, In addition to agreeing to pay for our services as reflected in this agreement, the Client agree to pay interest on the outstanding balance due at a rate of 15% per annum.

6. The Firm will from time to time request an additional retainer. If an additional retainer is not provided to the Firm or agreed upon within thirty (30) days from the request, the Firm may be relieved as the Client's counsel and may cease representing the Client in connection with the Matter. Being relieved as counsel shall in no way prejudice or diminish any rights which the Firm may have to secure and/or obtain its compensation.

7. The Client agree that in the event any outstanding balance due is not paid within forty-five (45) days of the date of any statement, the Firm may, if it so requests, be relieved as the Client' counsel and may cease representing the Client in connection with the Matter and any other matters on which we may be representing any of the Client and the Client, by this letter, consent to the entry of an order relieving the Firm as the Client' attorneys. Being relieved as counsel shall in no way prejudice or diminish any rights which the Firm may have to secure and/or obtain its compensation.

8. If the Firm has to expend any time or advance any disbursements in connection with collecting any outstanding balance due hereunder, the Client shall pay the Firm for any costs of collection, including, but not limited to, attorneys' fees and disbursements attributable to time expended by the undersigned, the Firm or any other firm in connection with same, including fees for the time expended by the staff of the undersigned Firm.

9. In the event any sanctions are sought or obtained against the Firm or any of its members or employees or counsel as a result of our taking any position in the Matter or failing to take any position in the Matter: a.) for which we have advised the Client in writing in advance that there is a risk of sanctions, and b.) the Client have directed us to proceed, directed us not to proceed or

prevented us from proceeding notwithstanding the risk of sanctions, the Client agree to indemnify the Firm for such sanctions and the fees related to defending against any proceeding which seeks sanctions.

10. The Client agree to indemnify the Firm and hold the Firm harmless, from any and all claims which seek to avoid, undo or in any other way challenge the Firm's right to receive and/or retain transfers made by or on account of the Client or pursuant to this Agreement ("Challenged Transfer Claims") which obligation to indemnify and hold harmless includes but, is not limited to, indemnifying and holding the Firm harmless from all costs and disbursements and attorneys' fees relative to the Firm defending against Challenged Transfer Claims in any way, including, but not limited to negotiations and the payment or promise by the Firm to pay any and all sums either in settlement of Challenged Transfer Claims and/or as a result of a judgment upon Challenged Transfer Claims.

11. The Firm may terminate its services upon fifteen days written notice if the Client fail to cooperate with the Firm or if the Firm determines, in its reasonable discretion, that continuance of its services would be impractical, unethical, or ineffective. Termination of services, pursuant to this paragraph, shall in no way prejudice or diminish any rights which the Firm may have to secure and/or obtain its compensation.

12. A facsimile of a valid signature on this agreement or any other document which may be issued pursuant to this agreement shall be binding and have the same effect as an original. The Client understand that the Firm does not guarantee, nor has it promised any particular outcome on the Matter. The Client are jointly and severally obligated to pay for the services, charges and obligations to the Firm created by this agreement. This retainer agreement covers all services already rendered and to be rendered by the Firm related to the Matter.

13. The Client waive any actual and potential conflicts of interest which the Firm may have as a result of the Firm representing each of the Client in the Matter. The Client have had explained to them the nature and effect of the Firm representing each of the Client in this Matter. If any check tendered to the Firm for payment of any of the Client' obligations to the Firm are returned and/or dishonored for any reason, the Client shall pay the Firm $100 on each such occasion to cover bank fees and other processing fees. Unless otherwise notified in writing, all notices and correspondence to the Client shall be sent to the addresses stated above by fax or email. This agreement is not a consumer credit transaction. This agreement is governed by the law of the State of New York. Any action to enforce any rights granted under this agreement shall be commenced in the courts

3

of the State of New York.

14      The Rules of the Appellate Division, Part 1215, and the Rules of the Chief Administrator of the New York Court, Part 137, require us to advise the Client that arbitration is available to the Client in the event of any dispute over legal fees. The terms of this agreement may not be changed and/or modified except by a writing signed by the party or parties whose rights, obligations and/or interests under this agreement are being changed and/or modified. We look forward to working with the Client in connection with the Matter, and will do our utmost to achieve a result satisfactory to the Client. No Promise for a particular outcome is made herein.

Very Truly Yours,

DAHIYA LAW OFFICES, LLC

By: _____ Pres.

The foregoing has been read and
each of the undersigned agrees to and
understands its terms. Any questions
which the undersigned had, have been
answered to each of the undersigned's satisfaction.

Receipt of a copy of this agreement
is acknowledged

**CLIENT**

By: _____
     Deslyn Johnson

APPROVED

_____

JOHN R.M. WINSON

4