UNITED STATES BANKRUPTCY COURT  tmd3574/nk
EASTERN DISTRICT OF NEW YORK  Return Date: MARCH 30, 2021
--------------------------------------------------------
IN RE:

                                                Chapter 13
JOHN R.M WILSON,  Case No: 1-18-42302-ess

                                        Debtor.
-----------------------------------------------------------X

## AFFIRMATION IN OPPOSITION TO APPLICATION FOR COMPENSATION
## OF KARAMVIR DAHIYA, ESQ.

       NATHAN Z. KAUFMAN, ESQ., staff attorney for Chapter 13 Trustee Marianne DeRosa, the undersigned, affirms the following under the penalty of perjury:

       1.     I am staff attorney for the Chapter 13 Trustee of the Debtor's Chapter 13 case and, as such, am fully familiar with the facts and circumstances set forth herein.

       2.     This affirmation is submitted in opposition to the Application for Compensation filed by Karamvir Dahiya, Esq. (hereinafter "Movant") on March 7, 2021, Docket No. 69 (hereinafter the "Motion"), seeking an Order allowing $95,480 in legal fees and reimbursement of expenses.

       3.     Pursuant to the Movant's Disclosure of Compensation at docket number 7, page 29 (hereinafter the "2016(b) Statement"), Movant received $5,000 from Debtor's relative, Deslyn Johnson, prepetition.  Movant also attached to the Motion a retainer agreement dated March 27, 2018 (hereinafter the "Retainer Agreement") for services related to the matter to "1656 Park Place Brooklyn NY 11233 and fraudulent transfer of deed etc."  The Retainer Agreement states the Movant would not begin work until an initial fee of $15,000 was paid; it is also not clear whether this $15,000 was in addition to the fee indicated in the 2016(b) Statement.  The Motion does not seem to indicate whether the compensation sought is inclusive or exclusive of the fees already paid to Movant, and so it is not clear how much the Movant seeks or how much the Movant has already received.

       4.     Upon information and belief, Movant has also received an additional $5,000 under the terms of the settlement stipulation of a second adversary proceeding against Wells Fargo Bank, N.A. for alleged RESPA violations.

       5.     The Trustee objects to the Motion because, among other reasons, the fees sought are unreasonable on their face.  The fees sought are largely related to an adversary proceeding in which Debtor sought to unwind a transaction in which Debtor alleged he was

defrauded of his home. The adversary proceeding was resolved by accelerated judgment without substantive opposition from the defendants.

6. In addition, the Trustee is holding a total of $8,235.93 on behalf of the Debtor's Estate, a fraction of the amount sought by Movant.

7. The Trustee objects to the Motion in its entirety for the additional reasons set forth below.

### Defective Service

8. No certificate of service of the Motion was filed. The Motion therefore cannot be granted.

9. In the event Movant relies upon the addresses listed on the Notice of Motion as proof of service, the same is deficient. The Notice of Motion indicates the Motion would be sent to the Debtor, but the method is not indicated; Fed. R. Bankr. P. 2002 requires 21-day notice by mail. The Notice also indicates the Trustee would be sent the Motion by email, which does not comply with Fed. R. Bankr. P. 2002. In addition, the Notice does not list any creditors, as required by Fed. R. Bankr. P. 2002, or the Office of the U.S. Trustee, as required by General Order 613. Equity in this case would also require service upon Debtor's relative Deslyn Johnson.

### Failure to Separate Billing Records into Project Categories

10. General Order 613, which sets forth the guidelines for fee applications before this Court, made mandatory by E.D.N.Y. LBR 2016-1(a), requires that fee applications must attach time records separated by project categories. Without same, it is not feasible to meaningfully review the time records.

11. The time records are not separated by project or any other category. The Trustee therefore objects to the Motion unless the time records are correctly prepared.

### Inconsistency with 2016(b) Statement and Retainer Agreement

12. General Order 613 requires that the case status accompanying a fee application include, *inter alia*, information as to "whether the application is in accordance with the 2016(b) statement that was filed at the beginning of the case" (General Order 613 Part A, Section 2(iii)).

13. This information does not appear to be included in the Motion papers. Moreover, the Motion is not consistent with the 2016(b) Statement.

14. The 2016(b) Statement indicates the Movant agreed to a fee of $5,000, and that no fee balance was outstanding. The 2016(b) Statement expressly states that the $5,000 fee included "legal service for all aspects of the bankruptcy case" including without limitation filing "any" petition, schedules, or plan, representation at the §341 Meeting and confirmation hearing

"and any adjourned hearings thereof," and negotiations with secured creditors. The only expressly excluded services were judicial lien avoidances, relief from stay "actions," and adversary proceedings.

15. The 2016 Statement mentions that a third party signed an hourly agreement, but does not mention any hourly fee rate.

16. It should also be noted that the 2016(b) Statement itself appears to be inconsistent with the Retainer Agreement. The former discloses a $5,000 retainer fee and the latter indicates a $15,000 initial retainer fee.

### The Amount Billed is Excessive for Work Performed

17. Upon information and belief, the standard hourly fee range for consumer bankruptcy work charged in the Eastern District of New York by solo and small firm practitioners is between $250 and $350 per hour.

18. The retainer agreement attached to the Motion indicates the Movant is billing at $550 per hour for his own work, $150 to $200 per hour for associates' time, and $75 to $125 per hour for clerks' and paraprofessionals' time. In addition to Movant's hourly rate being about twice the standard rate, the retainer agreement appears to be misleading because Movant does not appear to have any staff. Movant has billed at the $550 hourly rate for services normally performed by junior associates or clerks, including research and service of papers.

### Trustee Objects to All Fees Sought for Underlying Chapter 13 Case

19. As is clear from the proposed Plan and record in this case, the Debtor and Movant chose Chapter 13 for purposes of delay and forum shopping, and never intended to prosecute this case to confirmation or to pay any creditors. The Debtor has failed to meet the minimum responsibilities of a debtor in Chapter 13. The Movant, as Debtor's counsel, should have shepherded the Debtor through this process and should not be awarded fees for his failure to do so.

20. The Debtor's Chapter 13 Plan, dated March 25, 2019 (hereinafter the "Plan"), provides for monthly payments of $100 for 60 months, and that "[t]he debtor shall upon recovery of the deed, either refinance or sell it or have a reverse mortgage, whatever is appropriate." In other words, the Plan provides that the Debtor will propose a plan at some later date, and in the meantime will make de minimis plan payments. It is a plan to make a plan.

21. To date, the Trustee has attempted to conduct the §341 Meeting of Creditors 16 (sixteen) times. However, Debtor has never been examined at a Meeting of Creditors, due to a variety of reasons including Movant's failure to timely file the Plan and Movant being out of town.

22. Debtor has also failed to perform other responsibilities, including the failure to serve the Plan and the failure to file the tax and domestic support obligation affidavits pursuant to the Local Bankruptcy Rules and pertaining to 11 U.S.C. §1325(a)(8) and (a)(9).

### **Failure to Timely Provide Periodic Billing Records**

23. General Order 613 provides, in pertinent part, that "[e]ach application for fees and disbursements must contain a certification by the Certifying Professional that the United States Trustee, trustee, debtor, . . . have been provided, not later than 21 days after the end of each month, with a statement of the fees and disbursements accrued during such month." The apparent reason is to avoid the situation at bar, where fees have grown unchecked due to the Movant's failure to comply with the requirements for fee applications.

24. This case demonstrates one of the reasons why it is customary to charge a flat fee for a Chapter 13 case. Charging an hourly rate "makes the range of possible fees in a Chapter 13 case too difficult for debtors to predict." *In re Moukazis*, 479 B.R. 247, 253 n.3 (Bankr. E.D.N.Y. 2012). "It is doubtful that a prospective client will appreciate the likelihood that such routine services as amendments to schedules, attendance at adjourned meetings and hearings, or simple motion practice could easily cause fees to balloon by thousands of dollars." *Id.*

WHEREFORE, the Trustee respectfully requests the Court deny the Motion in its entirety, together with such other and further relief as may seem just and proper.

Dated: Jericho, New York
      March 23, 2021                       *s/Nathan Z. Kaufman*
                                           Nathan Z. Kaufman, Staff Attorney for
                                           Marianne DeRosa, Chapter 13 Trustee
                                           100 Jericho Quadrangle, Ste 127
                                           Jericho, NY 11753
                                           (516) 622-1340

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
IN RE:

                                              Chapter 13

JOHN R.M WILSON,                   Case No: 1-18-42302-ess

                                              CERTIFICATE OF SERVICE

                          Debtor.
-----------------------------------------------------------X

      This is to certify that I, Victoria Dugan, have this day served a true, accurate and correct copy of the within Affirmation in Opposition by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to each of the following persons at the last known address set forth after each name:

John R.M Wilson
1656 Park Place
Brooklyn, NY 11233

In addition, I effected notice by electronic transmission generated by the ECF system to the following persons/entities pursuant to Bankruptcy Rule 9036:

Karamvir Dahiya, Esq., karam@bankruptcypundit.com
Wells Fargo Bank, N.A. c/o Shapiro, DiCaro & Barak, LLC, rgriswold@logs.com
Wells Fargo Bank, N.A. c/o Reed Smith LLP, clynch@reedsmith.com


Transmission times for electronic delivery are Eastern Time zone.

This March 23, 2021

/s/Victoria Dugan
Victoria Dugan, Paralegal
Office of the Standing Chapter 13 Trustee
Marianne DeRosa
100 Jericho Quadrangle, Ste. 127
Jericho, NY 11753
(516) 622-1340

Index No: 1-18-42302-ess
UNITED STATES BANKRUPTCY COURT:
EASTERN DISTRICT OF NEW YORK

IN RE

JOHN R.M WILSON,

Debtor.

**AFFIRMATION IN OPPOSITION TO FEE APPLICATION**

**MARIANNE DeROSA, TRUSTEE**
**100 JERICHO QUADRANGLE, SUITE 127**
**JERICHO, NY 11753**
**(516) 622-1340**