**DAHIYA LAW OFFICES LLC**
*Attorney*
75 Maiden Lane Suite 506
New York, New York 10038
Tel: 212-766 8000   Fax: 212 766 8001
karam@legalpundit.com

January 25, 2022

To
The Hon. Elizabeth S. Stong
Judge, United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York

Re: *John Wilson, case No. 18-42302*

Dear Judge Stong:

I am the counsel for the debtor John Wilson in the aforesaid case. I am writing to request Court's intervention for a very minor issue with a major block— we request a clarification or an order from the court to the Clerk of the Court for entering attached order as a judgment so that I could proceed with its enforcement.

0n January 3rd, 2022 this Court granted the undersigned's fees application and also entered an order to effectuate the same. Court Dckt # 93.

On January 25, 2022, I called the Clerks office for an abstract of judgment /Transcript, however I was told that since the Court's entry of docket 93 is an order and not a judgment, they cannot issue a abstract of judgment. I did reason with them that the order is a judgment and it qualifies so, as it is separate independent document.

I could understand their confusion, however I reminded them that bankruptcy rule 9021 dealing with judgment and rule does not distinguish between them. Rather they are treated as same for the purposes of entry of judgment. Bankruptcy Rule 9021 rather says, that "a judgment or order is effective when entered under Rule 5003." We request your attention to this matter. It is a recurring problem. We need clarification. Are orders judgements? And if so, why can't the Clerk issue abstract of judgment based on the independently created court's order?

1

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from an oversight or omission whenever one is found in the judgment, order, or other part of the record." The purpose of Rule 60(a) is "to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court." *Ferguson v. Lion Holdings, Inc.,* Nos. 02 Civ. 4258, 02 Civ. 4261, 2007 WL 2265579, at *3 (S.D.N.Y. 2007).

The debtor is requesting the court "not to reflect a new and subsequent intent of the court, but to conform the order to the contemporaneous intent of the court." *In re Marc Rich & Co.,* 739 F.2d 834, 837 (2d. Cir 1984). We are not asking for alteration or any addition to the Fees Order, but an amplification of its reach and or its meaning for the purpose of obtaining Abstract of Judgment. "Rule 60(a) contemplates the correction of clerical mistakes which do not attack the party's fundamental right to a judgment at the time it was entered. … Such mistake must be mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *In re Bell Offset,* No. 89-CV-1274, 1990 WL 3587, at *2 (N.D.N.Y. 1990), Rule 60(a) allows for a clarification to correct an order that fails to "memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement*." Garamendi v. Henin,* 683 F.3d 1069, 1079 (9th Cir. 2012) (internal quotes omitted). We cannot enforce the Order regarding fees entry, for the Clerk does not recognize it as a judgment. Please pass appropriate order or have the order named as a judgment.

/s/ *karamvir dahiya*
Karamvir Dahiya for the debtor